UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHRISTOPHER EMRICK,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 1:09-cv-112

Dlott, C.J.
Black, M.J.

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE, AND AFFIRMED; AND (2) THIS CASE BE CLOSED**

This is a Social Security appeal brought pursuant to 42 U.S.C. § 405(g). At issue is whether the administrative law judge ("ALJ") erred in finding that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (*See* Administrative Transcript ("Tr.") (Tr. at 14-25) (ALJ's decision)).

**I.**

Plaintiff filed applications for a DIB and SSI on April 14, 2005, alleging a disability date of December 15, 2004 due to Post-Laminectomy Syndrome, Lumbar Facet Arthropathy, Pain Disorder associated with both psychological factors and medical conditions, and Learning Disorder NOS. (Tr. 64-67, 519-21). His application was denied initially and on reconsideration. Plaintiff then requested a hearing *de novo* before an ALJ.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

An evidentiary hearing, at which Plaintiff was represented by counsel, was held on June 12, 2008. (Tr. 535-564). Eric Pruit testified at the hearing as a vocational expert. (Tr. 556-61).

On July 22, 2008, the ALJ entered his decision denying Plaintiff's claim. That decision stands as Defendant's final determination consequent to denial of review by the Appeals Council on December 16, 2008. (Tr. 7-9).

The ALJ's "Findings," which represent the rationale of the decision, were as follows:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2009.

2. The claimant has not engaged continuously in substantial gainful activity since December 15, 2004, the alleged onset date (20 CFR 404.1520(b), 404.1571 *et seq.*, 416.920(b) and 416.971 *et seq.*).

3. The claimant has the following "severe" impairments: 1) lumbar degenerative disc disease with residuals of surgery; 2) the aggravating factor of obesity; and 3) a pain disorder (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) featuring; 1) lifting ten pounds frequently and twenty pounds occasionally; 2) alternating every thirty minutes; 3) occasional ladders, scaffolds, stooping or crawling; and 4) low stress jobs not involving inherently stressful or hazardous activities.

6. The claimant is unable to perform any past relevant work (20 CFR

>     404.1565 and 416.965).
>
> 7. The claimant was born on April 19, 1976, and was just twenty eight years old, which is defined as a younger individual on the alleged disability onset date (20 CFR 404.1563 and 416.963).
>
> 8. The claimant has a tenth-grade, limited education and is able to communicate in English (20 CFR 404.1564/416.964.)
>
> 9. Transferability of jobs skills is not material to the determination of disability because using Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable jobs skills (See SSR 82-41 and 20 CFR 404 Part 404, Subpart P, Appendix 2).
>
> 10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform. (20 CFR 404.1560(c), 404.1566, 416.960(c) and 416.966).
>
> 11. The claimant has not been under a "disability," as defined in the Social Security Act since January 8, 2004, the date the application was filed the (20 CFR 416.920 (g)).

(Tr. 17-24).

In summary, the ALJ concluded that Plaintiff was not under a disability as defined by the Social Security Regulations and was therefore not entitled to DIB and/or SSI.

On appeal, Plaintiff maintains that: (1) the ALJ erred in failing to provide a narrative discussion with respect to his RFC assessment; (2) the ALJ erred in failing to recontact Plaintiff's treating physician; and (3) the ALJ erred in evaluating Plaintiff's pain, credibility, and subjective complaints. Each argument will be addressed in turn.

**II.**

The Court's inquiry on appeal is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). In performing this review, the Court considers the record as a whole. *Hephner v. Mathews,* 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found plaintiff disabled. As the Sixth Circuit has explained:

> The Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts. If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm.

*Felisky v. Bowen,* 35 F.3d 1027, 1035 (6th Cir. 1994).

Upon consideration of an application for disability benefits, the ALJ is guided by a sequential benefits analysis, which works as follows: At Step 1, the ALJ asks if the claimant is still performing substantial gainful activity; at Step 2, the ALJ determines if one or more of the claimant's impairments are "severe;" at Step 3, the ALJ analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the ALJ determines whether or not the claimant can still perform his past relevant work; and, finally, at Step 5 – the step at which the burden

of proof shifts to the ALJ – the ALJ determines, once it is established that the claimant can no longer perform his past relevant work, whether significant numbers of other jobs exist in the national economy which the claimant can perform. *See Gwizdala v. Commissioner of Soc. Sec.,* No. 98-1525, 1999 WL 777534, at *2 n.1 (6th Cir. Sept. 16, 1999) (*per curiam*).

The claimant bears the ultimate burden to prove by sufficient evidence that he is entitled to disability benefits. 20 C.F.R. § 404.1512(a). That is, he must present sufficient evidence to show that, during the relevant time period, he suffered an impairment, or combination of impairments, expected to last at least twelve months, that left him unable to perform any job in the national economy. 42 U.S.C. § 423(d)(1)(A).

## A.

For his first assignment of error, Plaintiff maintains that the ALJ erred in failing to provide the requisite narrative discussion with respect to his RFC assessment as required by Social Security Rule 96-8p. Specifically, Plaintiff asserts that the ALJ erred in relying on the opinions of Drs. Cho and Norris because they did not examine Plaintiff and their assessments were not based upon a review of the entire record. Plaintiff's assertion lacks merit.

Social Security Ruling 96-8p requires that the ALJ's RFC assessment "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (*e.g.*, laboratory findings) and nonmedical evidence (*e.g.*, daily activities, observations)." SSR 96-8p further provides:

> In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

(*Id*).

The ALJ is also required to include "a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence." (*Id*).

Here, the ALJ based his physical RFC determination on the 2005 recommendations of the non-examining medical consultants of the Bureau of Disability Determination, Dr. Cho and Dr. Norris. (Tr. 21). The ALJ found that these assessments were entitled to considerable deference as they were consistent with the medical findings of record and were not rebutted by other substantial evidence. (Tr. 21).

In addition to the findings of Drs. Cho and Norris, in arriving at his RFC determination, the ALJ also cited to the findings of Dr. Ongkiko, Dr. Gupta, and Plaintiff's work history beginning in 2005. (*Id.*) Specifically, the ALJ noted that Dr. Ongkiko opined that Plaintiff had done remarkably well after his back surgery. Moreover, Dr. Gupta, Plaintiff's treating pain specialist, recommended in March 2006 that Plaintiff should try to find a job within his limitation and educational background. Additionally, the ALJ noted that Plaintiff worked in 2005 and 2006 and appears to have found suitable full-time employment since December 2007. (*Id.*)

6

Plaintiff argues that the Drs. Cho and Norris did not have an opportunity to review a significant amount of medical evidence in the record prior to completing their RFC assessments, including the CT of the lumbar spine and the lumbar myelogram performed on May 8, 2007 by Dr. Ongkiko. However, neither the CT scan nor the myelogram indicate that Plaintiff suffers from disabling impairments. Notably, the CT scan revealed mild to moderate findings, and the myelogram also showed "minimal anterior extradural defects." (Tr. 500-502). Furthermore, Dr. Ongkiko indicated that the findings were similar to the prior exam dated March 10, 2005, which was reviewed by the state agency physicians (Tr. 501).

Accordingly, the undersigned finds that the RFC as determined by the ALJ is supported by substantial evidence. Although the RFC selected by the ALJ might not be the same RFC that Plaintiff would have selected, the ALJ clearly explained his rationale, and the RFC is, without question, within the permissible "zone of choice" which the Sixth Circuit discussed in *Felisky, supra.* The ALJ's RFC is thus not subject to reversal.

**B.**

Plaintiff argues further that the ALJ erred in failing to re-contact Dr. Kaiser before rejecting his disability finding. Plaintiff's assertion lacks merit.

Here, on July 9, 2008, Dr. Kaiser opined that Plaintiff had been disabled for ten years. (Tr. 512-16). The ALJ rejected Dr. Kaiser's opinion stating that it "borders on ridiculous." (Tr. 22). The ALJ noted that Plaintiff had been engaged in significant gainful employment during the last ten years. Furthermore, the ALJ found that Dr. Kaiser's opinion was not supported by objective medical evidence and was inconsistent

with the findings of Plaintiff's surgeon and pain specialist. (Tr. 22).

The Social Security Regulation states that the Agency will re-contact a treating physician "when the evidence. . . is inadequate for us to determine whether you are disabled." 20 CRF § 416.912(e). Here, as detailed above, the evidence of record was adequate for the ALJ to find that Plaintiff was not disabled.

Furthermore, Plaintiff bears the ultimate burden of proving a disability within the meaning of the Social Security Act. *See Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) (*per curiam*); *see also* 20 C.F.R. § 416.912(a). Plaintiff failed to meet this burden, and the undersigned finds that the ALJ's decision not to re-contact Dr. Kaiser is supported by substantial evidence.

## C.

For his third assignment of error, Plaintiff maintains that the ALJ erred in evaluating his pain, credibility, and subjective complaints by failing to comply with SSR 96-7p. Specifically, Plaintiff asserts that the ALJ failed to address the factors outlined in SSR 96 -7P and selectively relied on Plaintiff's daily activities. Plaintiff's assertions are unavailing.

SSR 96-7p establishes a two step process for evaluating the claimant's testimony and statements about symptoms such as pain, fatigue or weakness.

First, the ALJ must consider whether there is an underlying medically determinable physical or mental impairment that could reasonably be expected to produce the claimant's pain or other symptoms. If not, the symptoms cannot be found to affect the

claimant's ability to do basic work activities. SSR 96-7p.

Second, if an underlying physical or mental impairment that could reasonably be expected to produce the claimant's pain or other symptoms has been shown, the ALJ must evaluate the intensity, persistence and limiting effects of the claimant's symptoms to determine the extent to which the symptoms limit his ability to work. If the claimant's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the claimant's statements based on a consideration of the entire case record. SSR 96-7p.

While SSR 96-7p does not require the ALJ to analyze and elaborate on each of these factors when making a credibility determination, the ALJ must sufficiently articulate his assessment of the evidence both to assure the court that he considered the important evidence and to enable the court to trace the path of his reasoning. *Patterson v. Barnhart,* 428 F.Supp.2d 869, 880 (E.D.Wis. 2006). SSR 96-7p further requires the ALJ to provide "specific reasons for the finding on credibility, supported by the evidence in the case record." *Id. (*citing SSR 96-7p).

Furthermore, it is within the discretion of the ALJ - who actually meets with and takes testimony from an individual plaintiff - to evaluate that plaintiff's credibility. As the Sixth Circuit has found: "[i]t is for the [Commissioner], not a reviewing court, to make credibility findings." *Felisky v. Bowen,* 35 F.3d 1027,1036 (6th Cir. 1994); *see also McGuire v. Commissioner of Soc. Sec.,* No. 98-1502, 1999 WL 196508, at *6 (6th Cir.

Mar. 25, 1999) (*per curiam*) ("An ALJ's findings based on the credibility of an applicant are to be accorded great weight and deference, particularly since the ALJ is charged with the duty of observing a witness's demeanor and credibility").

Here, in assessing Plaintiff's credibility, the ALJ noted that Plaintiff's own testimony indicated that he had the strength capacity to perform light work and a limited range of medium work.[2] The ALJ further noted that Plaintiff reported no side effects from his medication, his surgery was successful, and no further surgery has been recommended. The ALJ found that Plaintiff drives, helps around the house, shops, cooks, goes out to eat, watches television, listens to music and socializes regularly (Tr. 22).

Lastly, the ALJ noted that Plaintiff has been engaged in full-time work since December 2007. Accordingly, based on the foregoing, the ALJ concluded that Plaintiff's subjective statements concerning the intensity, persistence and limiting side effects of these symptoms are not credible.

Contrary to Plaintiff's assertions, the ALJ properly characterized the evidence regarding Plaintiff's activities, and it was appropriate for him to consider this factor in making his credibility finding. *See Warner*, 375 F.3d at 392 ("The administrative law judge justifiably considered Warner's ability to conduct daily life activities in the face of his claim of disabling pain."). Moreover, the ALJ properly considered his own observations in making the credibility finding. SSR 96-7p; *Buxton*, 246 F.3d at 773

---

[2] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§404.1567(b) (*re*:DIB), 416.967(b) (*re*: SSI). Medium work "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. §§404.1567(c) (*re:* DIB), 416.967(c) (*re:* SSI). Social Security regulations provide that, if an individual can perform medium work, "he or she can also do sedentary and light work." *Id.*

("The ALJ's findings as to a claimant's credibility are entitled to deference, because of the ALJ's unique opportunity to observe the claimant and judge her subjective complaints.").

As noted above, the issue is not whether the record could support a finding of disability, but rather whether the ALJ's decision is supported by substantial evidence. *See Casey v. Secretary of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). The ALJ properly evaluated Plaintiff's allegations in accordance with controlling law, and he reasonably concluded that they were not fully credible. The ALJ's credibility finding is entitled to deference and thus should be affirmed. *See Jones v. Commissioner of Social Security*, 336 F.3d 469, 476 (6th Cir. 2003) ("Upon review, we are to accord the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which we do not, of observing a witness's demeanor while testifying.").

For the foregoing reasons, Plaintiff's assignments of error are without merit. The ALJ's decision is supported by substantial evidence and should be affirmed.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The decision of the Commissioner is **SUPPORTED BY SUBSTANTIAL EVIDENCE**, and should be **AFFIRMED.**

2. As no further matters remain pending for the Court's review, this case should be **CLOSED.**

Date: December 23, 2009                             s/Timothy S. Black
                                                    Timothy S. Black
                                                    United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHRISTOPHER EMRICK,  Case No. 1:09-cv-112

    Plaintiff,  Dlott, C.J.
        Black, M.J.
vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**NOTICE**

    Attached hereto is the Report and Recommended Decision of the Honorable Timothy S. Black, United States Magistrate Judge. Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations **within 14 days** after being served with this Report and Recommendation. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections **within 14 days** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).